**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

EDGAR R. R.,

Petitioner,

v.

TODD BLANCHE, *Attorney General*; MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*; DAVID J. VENTURELLA, *Acting Director of Immigration and Customs Enforcement*; and DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*,

Respondents.

Case No. 26-cv-4712 (LMP/ECW)

**ORDER GRANTING HABEAS PETITION**

---

Kira Aakre Kelley, **Climate Defense Project, Minneapolis, MN**, for Petitioner.

Derek Ganzhorn, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Edgar R. R.[1] brings a petition for a writ of habeas corpus challenging the lawfulness of his arrest and immigration detention. For the following reasons, the petition is granted.

**BACKGROUND**

Edgar is a Mexican citizen and national. ECF No. 6-1 at 2. In 2005, at eleven years old, Edgar entered the United States with his family. ECF No. 1 ¶¶ 11–12. Edgar resides

[1] The Court uses Petitioner's first name throughout this order to comport with this District's practice of using only the first name and last initials of non-governmental parties in immigration cases. No disrespect is intended in doing so.

in Shoreview, Minnesota, with his partner and U.S. citizen child. *Id.* ¶ 13; ECF No. 6-1 at 3. Edgar has a work permit and Deferred Action for Childhood Arrivals ("DACA") status. ECF No. 1 ¶ 12; ECF No. 6-1 at 3.

On October 28, 2026, the Ramsey County Sheriff's Office arrested Edgar for domestic assault, fifth-degree assault, and disorderly conduct. ECF No. 6-1 at 2. Besides these charges, which remain pending, Edgar has no criminal record. *Id.* Immigration and Customs Enforcement ("ICE") encountered Edgar at the Ramsey County Jail on October 28. ECF No. 6-1 at 2. After checking Department of Homeland Security ("DHS") databases and determining that Edgar is a noncitizen subject to removal, ICE lodged a Form I-247G and issued a Form I-200 warrant for arrest. *Id.* ICE requested notice of Edgar's release. *Id.* at 9.

On October 29, 2026, ICE arrested Edgar outside the Ramsey County Jail and served him with the I-200 warrant. ECF No. 6-1 at 8. The arrest occurred after Edgar was released on his own recognizance on the Ramsey County charges. ECF No. 1 ¶ 14. After relocating Edgar to the Sherburne County Jail, ICE issued a Form I-862 Notice to Appear. A Supervisory Detention and Deportation Officer had signed the Notice to Appear at Fort Snelling. ECF No. 6-1 at 4. The Notice to Appear lists Edgar's address as the Sherburne County Jail. *Id.* at 6.

Edgar petitioned for a writ of habeas corpus on November 3, 2026. ECF No. 1. The Government timely responded and provided a declaration on November 12. ECF Nos. 5–6. Edgar replied on November 15. ECF No. 7.

## ANALYSIS

"Congress has granted federal district courts, 'within their respective jurisdictions,' the authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466, 473 (2004) (quoting 28 U.S.C. § 2241(a), (c)(3)). The protections of habeas corpus extend to those in immigration detention. *See INS v. St. Cyr*, 533 U.S. 289, 305–06 (2001).

Edgar contends that he is entitled to immediate release because ICE arrested him without a valid warrant. "As a general rule, it is not a crime for a removable [noncitizen] to remain present in the United States," so authorities may not arrest "someone based on nothing more than possible removability." *Arizona v. United States*, 567 U.S. 387, 407 (2012). Instead, "federal statutory structure instructs when it is appropriate to arrest [a noncitizen] during the removal process." *Id.*

The first scenario when arrest is appropriate is with a valid warrant. *Pedro D. C. v. Blanche*, No. 26-cv-2450 (KMM/DLM), 2026 WL 1759444, at *1 (D. Minn. June 18, 2026); *see also* 8 U.S.C. § 1226(a). ICE had a warrant here. But for a warrant to be valid, it must be issued concurrently with or after the issuance of a Notice to Appear. 8 C.F.R. § 236.1(b)(1) ("At the time of issuance of the notice to appear, or at any time thereafter . . . the respondent may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest."); *see also Agustina R. C. v. Blanche*, No. 26-cv-4353 (LMP/DJF), 2026 WL 3216939, at *2 (D. Minn. Oct. 27, 2026). Here, although the Government issued a Notice to Appear, it did not do so until after it already had arrested Edgar. Notably, the

Notice to Appear lists Edgar's residence as "Sherburn[e] County Jail." ECF No. 6-1 at 7. But Edgar did not reside at the Sherburne County Jail until after ICE arrested him at the Ramsey County Jail and brought him there. Because the Notice to Appear lists a fact that could not have occurred until after ICE arrested Edgar, the Notice to Appear could not have predated the I-200 warrant. And since a warrant must be issued at the same time or after a Notice to Appear to be valid, Edgar was not arrested with a valid warrant. *See Alex N. v. Blanche*, No. 26-cv-3088 (LMP/DTS), 2026 WL 2434741, at *1 (D. Minn. Aug. 19, 2026); *see also Alejandro C. G. v. Blanche*, No. 26-cv-3117 (ECT/EMB), 2026 WL 2838175, at *2 (D. Minn. Sept. 22, 2026) (citation modified) (collecting cases for the proposition that "a Form I-200 warrant that precedes a Notice to Appear is invalid because it purports to exercise authority that does not yet exist").

Without a valid warrant, ICE has "more limited authority," *Arizona*, 567 U.S. at 408, and can only make an arrest when the officer has "reason to believe" (1) that a noncitizen is in violation of the immigration laws; and (2) "is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2). The language "reason to believe" in 8 U.S.C. § 1357(a)(2) "means constitutionally required probable cause." *United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010). The phrase "likely to escape," means "likely to evade detention by immigration officers," and asks "not just whether the noncitizen will be located at the scene of encounter with immigration enforcement but also whether immigration enforcement would be able to arrest the noncitizen at another clearly identifiable location." *Walther Ademir A. S. v. Blanche*, No. 26-cv-2804 (LMP/SGE), 2026 WL 1734906, at *3 (D. Minn. June 16, 2026).

The warrantless arrest requirements were not satisfied when ICE arrested Edgar.[2] It's true that ICE had reason to believe that Edgar was in violation of immigration laws based on DHS database searches. ECF No. 6-1 at 2. But ICE did not have reason to believe that Edgar would evade detention if ICE waited for the Notice to Appear to issue. For one, ICE controlled the circumstances of Edgar's arrest. ICE learned of Edgar while he was in custody, *id.*, requested advance notice of his release, *id.* at 9, and arrested him outside of Ramsey County Jail shortly after his release, ECF No. 1 ¶ 14. And because Edgar had extensive ties to the community, ICE would have been able to locate Edgar after his release. Edgar has valid DACA status, ECF No. 6-1 at 2–3, has been in the United States since he was eleven years old, ECF No. 1 ¶ 11, and has a family—including a U.S. citizen child, *id.* ¶ 13; *see also Agustina R. C.*, 2026 WL 3216939, at *3 (finding extensive ties to community where petitioner had U.S. citizen children). Because ICE planned Edgar's arrest in advance and Edgar had extensive connections to the community, ICE did not have reason to believe that it needed to arrest Edgar before a Notice to Appear could be issued.

Without a valid basis for arrest, ICE could not lawfully detain Edgar. And here, warrantless arrest was improper, and the warrant ICE had did not accompany the required Notice to Appear. The proper remedy is release. *See Walther Ademir A. S.*, 2026 WL 1734906, at *3.

---

[2] Respondents do not argue that the warrantless arrest requirements were met. *See* ECF No. 5.

## CONCLUSION

For these reasons, and based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Edgar R. R.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;

2. The Government is **ORDERED** to release Edgar R. R. from custody no later than 5:00 p.m. on Monday, November 23, 2026; and

3. The Government is **ORDERED** to file a status report certifying its compliance with this Order by no later than 5:00 p.m. on Tuesday, November 24, 2026.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: November 20, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge